[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Troy Zinn appeals the Jackson County Court of Common Pleas' decision to deny his Crim.R. 32.1 motion to withdraw his guilty plea. Zinn asserts that the trial court abused its discretion when it denied his motion on the basis of res judicata without an evidentiary hearing. Because we find that the arguments raised in Zinn's Crim.R. 32.1 motion were either raised in earlier proceedings, or could have been raised in those proceedings, we disagree and affirm the judgment of the trial court.
 I. {¶ 2} "In June 1997, a grand jury charged Defendant-Appellant Troy Zinn with felonious assault, a violation of R.C. 2903.11; kidnapping, a violation of R.C. 2905.01; and rape, a violation of R.C. 2907.02. At the request of Zinn's counsel, the trial court ordered the Shawnee Forensic Center to evaluate Zinn's competency to stand trial. The evaluation indicated that Zinn had been taking several medications as prescribed by his doctor but was competent to stand trial.
 {¶ 3} "In September 1997, Zinn pled guilty to the assault and kidnapping charges in exchange for the state dismissing the rape charge. The trial court sentenced Zinn to consecutive terms of seven years for the felonious assault and nine years for the kidnapping.
 {¶ 4} "In 1998, Zinn filed a delayed appeal in this Court, which we denied, and a motion to withdraw his guilty plea in the trial court. The trial court denied the motion to withdraw the guilty plea. Zinn appealed the trial court's denial but voluntarily dismissed the appeal.
 {¶ 5} In 1999, Zinn filed a motion for post-conviction relief. In his petition, Zinn alleged that he had newly discovered evidence in support of his petition. Specifically, he alleged that his physician, who had prescribed him the drugs he was taking at the time of the offense, had lost his medical license for his prescribing practices. In later filings, Zinn alleged that the side effects of the combination of the medications and the improper prescribing practices were the newly discovered evidence on which he based his petition. However, at the hearing on his petition, Zinn relied only on facts relating to the side effects of the combination of medications he was taking at the time of the offense.
 {¶ 6} "After the hearing, the trial court denied Zinn's petition because Zinn filed it beyond the one-hundred-eighty-day limit provided in R.C. 2953.21. In so doing, the trial court found that the evidence at issue was within Zinn's knowledge and control when he pled guilty.
 {¶ 7} "Zinn appealed the trial court's denial of his petition for postconviction relief. In March 2001, we affirmed the trial court's decision, finding that appellant's petition was untimely filed. We also concluded that competent, credible evidence supported the trial court's finding that Zinn was not unavoidably prevented from discovering the facts concerning the side effects of the combination of prescribed medication he was taking.
 {¶ 8} "In March 2002, Zinn filed a motion for leave to file a motion for a new trial. Appellant again relied on the same `new evidence' as the basis of his motion. Zinn asserted that the adverse psychotic reaction caused by the interaction of the various medications he was taking at the time of the offense prevented him from forming the requisite criminal intent. Further, Zinn claimed that the adverse drug interaction was not known by the `medical community' at the time he was convicted and that it was subsequently discovered.
 {¶ 9} "Zinn included with his filings the affidavit of Robert N. Ludwig, M.D., who stated that from 1994 to 1999, the Physician's Desk Reference did not describe any contraindications between Zinn's three medications. Doctor Ludwig stated that based on medical evidence, newly discovered since 1999, the administration of these medications in combination has been prohibited because it can cause aggressive and violent behavior. This is the second affidavit executed by Dr. Ludwig that has been filed with the trial court. This affidavit is essentially the same as the affidavit the doctor executed earlier, which was filed in support of Zinn's petition for post-conviction relief. The only difference between the affidavits is that in this second affidavit, Dr. Ludwig states that the evidence of adverse drug interactions between Zinn's medications was not widely known until after 1999, when the Physician's Desk Reference included the contraindications.
 {¶ 10} "In May 2002, the trial court denied Zinn's motion, finding that it raised the same issues presented by his prior motions." State v.Zinn, Jackson App. No. 02CA11. We affirmed the trial court's decision, but on the basis that Zinn could not benefit from a motion for a new trial because he pled guilty and waived his right to a trial. We noted that the proper vehicle for relief for guilty pleas is a Crim.R. 32.1 motion.
 {¶ 11} In November 2003, Zinn filed a Crim.R. 32.1 motion to withdraw his guilty plea. Zinn asserted the same arguments as in his March 2002 motion for a new trial, but also argued that a manifest injustice occurred because his trial counsel was ineffective. The trial court denied the motion on the basis of res judicata.
 {¶ 12} Zinn appeals and raises the following assignments of error: "[I.] It was error for the trial court to dismiss the Criminal Rule 32.1 motion upon grounds of estoppel. [II.] It was error for the trial court to rule that there was no evidence of manifest injustice."
 II. {¶ 13} Because both assignments of error challenge the trial court's decision to deny Zinn's Crim.R. 32.1 motion on the basis of res judicata, we combine our analysis for purposes of convenience.
 {¶ 14} The decision to grant or deny a Crim.R. 32.1 motion is committed to the sound discretion of the trial court. State v. Smith
(1977), 49 Ohio St.2d 261, paragraph two of the syllabus. We will not reverse a trial court's decision absent an abuse of discretion. State v.Xie (1992), 62 Ohio St.3d 521. An abuse of discretion is more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. State v. Clark (1994),71 Ohio St.3d 466, 470.
 {¶ 15} Crim.R. 32.1 provides: "* * * to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The appellant bears the burden of establishing a manifest injustice. Smith at paragraph one of the syllabus. Moreover, "an undue delay between the occurrence of the alleged cause for withdrawal of the guilty plea and the filing of a Crim.R. 32.1 motion is a factor adversely affecting the credibility of the movant and mitigating against the granting of the motion." State v.Moore, Pike App. No. 01CA674, 2002-Ohio-5748, citing Smith at paragraph three of the syllabus.
 {¶ 16} A trial court is not required to hold an evidentiary hearing on a postsentence motion to withdraw a guilty plea. State v. Vincent, Ross App. No. 03CA2713, 2003-Ohio-3998, ¶ 10. "Instead, a trial court need only conduct an evidentiary hearing when the facts as alleged by the defendant, indicate a manifest injustice would occur if the plea was allowed to stand." Id. Moreover, an evidentiary hearing is not required if the arguments presented by the petitioner are barred by the doctrine of res judicata. Id.
 {¶ 17} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." Statev. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. This doctrine has been extended to Crim.R. 32.1 motions. See State v. Young,
Adams App. No. 03CA782, 2004-Ohio-2711 (holding that res judicata "bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in prior proceedings.");State v. Pasturzak (Dec. 17, 1998), Scioto App. No. 98CA2587 (finding that the appellant is barred from raising the issue of ineffective assistance of counsel in a Crim.R. 32.1 motion due to res judicata);State v. Vincent, Ross App. No. 0CA2713, 2003-Ohio-3998 (holding that "[t]he doctrine of res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea that were raised or could have been raised in prior proceedings.").
 {¶ 18} Here, Zinn argues that the trial court abused its discretion when it summarily denied his Crim.R. 32.1 motion without holding an evidentiary hearing. In his Crim.R. 32.1 motion, Zinn essentially argued that his guilty plea was not knowingly, intelligently, and voluntarily entered because of the prescribed medications he was taking at the time he changed his plea. Zinn also argued that he received ineffective assistance of counsel because his trial counsel failed to investigate his medications and determine that the medications he took at the time of his offenses caused his violent behavior and negated his criminal intent. In support, Zinn attached an affidavit from Dr. Ludwidg, which averred that the medical community was unaware of the side effects of the combination of Zinn's medications until 1999.
 {¶ 19} Zinn's entire basis for the Crim.R. 32.1 motion rests on the side effects of the medications he was taking at the time he committed the offenses and when he changed his plea. This issue was raised before the trial court in prior proceedings. In 1999, Zinn argued in his motion for post-conviction relief that he had newly discovered evidence regarding the medications which negated his criminal intent. The trial court found, in part, that the evidence was within the knowledge and control of Zinn. We affirmed this decision. The only difference between the evidence presented to the trial court in 1999 from the current case is a second affidavit from Dr. Ludwig averring that the medical community was not aware of the side effects of Zinn's medications until 1999. However, this information was not unavailable to Zinn at the time he raised the arguments regarding his medication in 1999. Zinn cannot now cure his failure to raise those arguments because of the doctrine of res judicata.
 {¶ 20} Zinn relies heavily on a statement made by this court in his 2003 appeal from the trial court's denial of his 2002 motion for leave to file a motion for a new trial. State v. Zinn, Jackson App. No. 02CA11. Zinn repeatedly asserts that this court advised him that the proper vehicle for his claims was a Crim.R. 32.1 motion and that he should not be punished for following our advice. However, our opinion merely stated that Zinn's motion for a new trial was flawed because he waived his right to a trial by pleading guilty and that the only legal method available for Zinn to win a trial on the merits was to successfully bring a Crim.R. 32.1 motion. The fact that this is the only available option to Zinn does not defeat the fact that the doctrine of res judicata bars Zinn from re-arguing issues already decided by the trial court or asserting issues that could have been raised in prior proceedings.
 {¶ 20} Because the arguments regarding the medication were previously before the trial court and ruled on by that court, and because any new arguments could have been raised in the 1999 proceeding, we cannot find that the trial court abused its discretion in denying Zinn's motion without an evidentiary hearing.
 {¶ 21} Assuming arguendo that the doctrine of res judicata did not bar Zinn's Crim.R. 32.1 motion, his arguments are still flawed. First, Zinn argues that he is entitled to withdraw his plea because the medications he was taking prevented him from intelligently, knowingly, and voluntarily entering his guilty plea. As proof, Zinn relies on Dr. Ludwig's affidavit. However, Dr. Ludwig's affidavit discusses the side effects of the combination of medications Zinn took at the time Zinn committed the offenses. The Shawnee Forensic Center evaluation shows that Zinn was no longer on these same medications at the time he entered his plea. Second, Zinn asserts that he received ineffective assistance of counsel because his trial counsel failed to investigate the side effects of the medications he was taking at the time of the offenses and discover that those side effects negated his criminal intent. However, Dr. Ludwig's affidavit specifically states that this information was not widely known in the medical community until 1999, thus making it impossible for Zinn's trial counsel to discover that information in 1997.
 {¶ 22} Accordingly, Zinn's assignments of error are without merit.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.