DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, pro se, Michael Thomson, appeals a judgment by the Lucas County Court of Common Pleas denying appellant's Crim.R. 32.1 motion to withdraw guilty plea. For the reasons that follow, the judgment of the trial court is affirmed.
 {¶ 2} On September 16, 1991, appellant was indicted on charges of aggravated murder with two death-qualifying specifications and a firearm specification, aggravated robbery with a firearm specification, and aggravated burglary with a firearm specification. A jury trial was commenced on October 21, 1992. On October 28, 1992, following several days of testimony by witnesses for the prosecution, appellant reached a plea agreement with appellee, the state of Ohio. Pursuant to the agreement, appellant pled guilty to aggravated murder with the firearm specification, and to aggravated robbery. Appellant was sentenced to a term of imprisonment of 20 years to life on the murder conviction, three years actual incarceration on the gun specification, and seven to 25 years on the aggravated robbery conviction. All of the sentences were ordered to be served consecutively.
 {¶ 3} At the request of the state, the trial court entered a nolle prosequi on the death-qualifying specifications that had been attached to the aggravated murder charge, on the firearm specification that had been attached to the aggravated robbery charge, and on the aggravated burglary charge, together with its firearm specification.
 {¶ 4} Appellant did not appeal the convictions and sentences. On September 14, 1995, appellant filed a motion for new trial, which cited, but did not specify the nature of, new evidence. Thereafter, on January 12, 1996, appellant filed a petition for postconviction relief, which alleged prosecutorial misconduct, improper participation by the trial court in the plea bargaining process, and ineffective assistance of counsel.
 {¶ 5} On January 30, 1996, the trial court denied Thomson's motion for a new trial, holding that a motion for a new trial was not the proper vehicle with which to attack a guilty plea, and that the motion had been filed well beyond the 120 day limit imposed by Crim.R. 33.
 {¶ 6} On February 11, 1997, the trial court dismissed appellant's petition for post-conviction relief, concluding that appellant's assertions of newly discovered evidence and allegations of prosecutorial misconduct were barred by the doctrine of res judicata; that appellant had presented insufficient evidence of both his claim of ineffective assistance of counsel and his claim of the trial court's alleged improper participation in the plea bargaining process; that the record of appellant's plea revealed that the plea was not coerced; and that the petition to vacate had not been timely filed. This court affirmed the trial court's decision. See State v. Thomson (Oct. 24, 1997), 6th Dist. No. L-97-1127.
 {¶ 7} On June 8, 2004, more than 11 years after the judgment of conviction, appellant filed a motion to withdraw guilty plea. In support of this motion, appellant presented five basic arguments.
 {¶ 8} The first argument addressed alleged deficiencies in the written plea agreement. Under the written agreement, appellant pled guilty to aggravated murder with a firearm specification. The state, for its part, agreed to dismiss the death specifications, the firearm specification attached to the charge of aggravated robbery, and the aggravated burglary charge, with its attendant firearm specification. According to appellant, the disposition of the aggravated robbery charge never mentioned. This omission, he went on to argue, falsely induced him to enter into the plea agreement with the expectation that he would receive no sentence for the crime of aggravated burglary.
 {¶ 9} In his second argument, appellant asserted that the trial court was without subject-matter jurisdiction to accept appellant's guilty pleas, because the nolle prosequi on the death specifications had not yet been entered when the plea was accepted and the sentence imposed. According to appellant, this sequence of events required that his pleas be entertained by a three-judge panel, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3). In acting alone, appellant argued, the trial court was without the requisite subject-matter jurisdiction.
 {¶ 10} Appellant contended in his third argument that the trial court failed to comply with Crim.R. 11 when it accepted his guilty pleas. Specifically, appellant stated that the trial court erred by not informing him of his right to have a three-judge panel determine whether he was guilty of aggravated murder, or some lesser offense, pursuant to Crim.R. 11(C)(3). In addition, appellant claimed that the trial court erred when it neglected to inform him of every element of each of the crimes to which he was pleading guilty.
 {¶ 11} In his fourth argument, appellant asserted that his conviction was based upon insufficient evidence. In support of this argument, appellant claimed that a three-judge panel was required, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), to hear evidence, determine the crime of which appellant was guilty, and impose an appropriate sentence. According to appellant, the failure to conduct an examination of witnesses by a three-judge panel in this case rendered his conviction legally infirm.
 {¶ 12} Appellant argued in his fifth argument that his trial counsel rendered constitutionally ineffective assistance. Specifically, appellant stated that his counsel hindered him by informing him that he was foregoing his right to appeal by entering a guilty plea. Appellant also stated that his counsel was ineffective in failing to challenge the trial court's alleged breach of the written plea agreement when it sentenced him on the charge of aggravated robbery. Finally, appellant claimed that counsel was ineffective in failing to object to the trial court's failure to convene a three-judge panel, pursuant to R.C. 2945.06
and Crim.R. 11(C)(3).
 {¶ 13} Adopting the state's memorandum as the court's findings and opinion, the trial court denied appellant's motion to withdraw guilty plea. In its judgment entry, dated April 5, 2005, the trial court stated that all of the issues forming the basis for appellant's motion to withdraw were barred by resjudicata, and that even if res judicata did not apply, the motion would nevertheless fail because there was no showing of "manifest injustice." The court further stated that a three-judge panel was not required in this case, because death was not an option for the trial court at the time the plea was accepted and sentence was imposed. Finally, the court found that because all of the issues concerning alleged deficiencies in appellant's plea were found to be meritless, appellant's counsel was not ineffective for failing to raise those issues back in 1992. Appellant timely appealed the trial court's judgment entry denying his motion to withdraw guilty plea. He raises the following assignments of error in his appeal:
 {¶ 14} I. "THE DOCTRINE OF RES JUDICATA WAS MISAPPLIED TO THIS CASE AND DOES NOT BAR AN ISSUE OF ERROR IN THE EXERCISE OF JURISDICTION."
 {¶ 15} II. "RES JUDICATA DOES NOT BAR A CRIM.R. 32.1 MOTION RAISING ISSUE OF BREACHED PLEA AGREEMENT AND DEFICIENCY OF COUNSEL DURING THE GUILTY PLEA PROCEEDINGS."
 {¶ 16} The specific issues appellant raises within his assignments of error are numerous and varied, and are as follows:
 {¶ 17} Issue I: Whether res judicata applied to the Crim.R. 32.1 motion.
 {¶ 18} Issue II: Whether the single judge court was in error in the exercise of jurisdiction.
 {¶ 19} Issue III: Whether the trial court erred in failing to inform appellant of all of is rights as expressed in Crim.R. 11.
 {¶ 20} Issue IV: Whether the written plea agreement misled appellant into pleading guilty to an additional charge, contrary to his intent.
 {¶ 21} Issue V: Whether appellant's Crim.R. 32.1 motion demonstrated a meritorious claim of manifest injustice.
 {¶ 22} Issue VI: Whether the trial court abused its discretion by denying a hearing upon the Crim.R. 32.1 motion to withdraw guilty plea.
 {¶ 23} Issue VII: Whether appellant's appointed counsel was deficient during the guilty plea proceeding phases.
 {¶ 24} Because many of the issues contained in the various assignments of error are interrelated, we will consider appellant's assignments of error concurrently in our analysis.
 {¶ 25} In reviewing a trial court's decision of whether to grant or deny a motion to withdraw a guilty plea, an appellate court is limited to a determination of whether the trial court's decision constituted an abuse of discretion. State v. Zinn, 4th Dist. No. 04CA1, 2005-Ohio-525, at ¶ 14. An abuse of discretion involves more than a mere error of judgment; it suggests an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. State v. Clark (1994),71 Ohio St.3d 466, 470 (citation omitted).
 {¶ 26} We begin with an examination of whether appellant's motion to withdraw his guilty plea was barred under the doctrine of res judicata. The doctrine, which operates to prevent repeated attacks on a final judgment, applies to any proceeding initiated after a final judgment of conviction and direct appeal,State v. Gaston, 8th Dist. No. 82628, 2003-Ohio-5825, and to all issues that were or might have been previously litigated.State v. Brown, 8th Dist. No. 84322, 2004-Ohio-6421, at ¶ 7. A Crim.R. 32.1 motion filed after the time for appeal has passed is subject to res judicata and, if applicable, may be denied on those grounds. State v. Brown, supra, at ¶ 7; see also, Statev. Zinn, supra, at ¶ 20.
 {¶ 27} Thus, in this case, in order to determine whether resjudicata will bar appellant's Crim.R. 32.1 motion, we must ascertain whether the claims raised therein were or could have been raised, either on direct appeal or in appellant's petition for postconviction relief. If, on the other hand, the motion raises claims that were based on evidence outside the record and were not previously raised, res judicata will not apply. Statev. Brown, supra, at ¶ 8.
 {¶ 28} Appellant claims in his motion that his plea was void ab initio because the trial court lacked subject matter jurisdiction. Specifically, appellant argues that the trial judge erred in single-handedly entertaining appellant's guilty plea, without benefit of a three-judge panel, pursuant to R.C. 2945.06
and Crim.R. 11(C)(3).[1] That the trial judge single-handedly considered and accepted appellant's guilty plea is clear from the record. Appellant's claim is therefore barred by res judicata, because it should have been raised on appeal.
 {¶ 29} Appellant makes an additional, slightly different, claim that the trial court violated Crim.R. 11 in failing to inform him that he had the right to have a three-judge panel determine his offense and impose his sentence.[2] Because this failure to inform (whether in error or not) is plainly evident in the record, it should have been raised on appeal. It is therefore barred by res judicata.
 {¶ 30} Appellant next claims that an apparent omission in his written plea agreement misled him into pleading guilty to the additional charge of aggravated robbery. Once again, appellant's allegation is based on evidence in the record and should have been made through a direct appeal. Accordingly, it is barred byres judicata.
 {¶ 31} Finally, appellant claims that his counsel was deficient: (1) in informing him that he was foregoing his right to appeal by entering a guilty plea; (2) in failing to challenge the trial court's breach of the written plea agreement when it sentenced him on the aggravated robbery charge; and (3) in failing to object to the trial court's failure to convene a three-judge panel. All of these claims of ineffective assistance of counsel are based on evidence in the record, and should have been raised on direct appeal. They are, therefore, barred by resjudicata.
 {¶ 32} Even assuming, arguendo, that res judicata does not apply to appellant's claims, such claims must nevertheless fail.[3]
 {¶ 33} We begin with appellant's claim that his plea was void as a matter of law because the trial judge, acting alone, lacked subject matter jurisdiction.
 {¶ 34} R.C. 2945.06 pertinently provides:
 {¶ 35} "In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section2945.05 of the Revised Code, any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges. * * * If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly. * * *"
 {¶ 36} Crim.R. 11(C)(3) relevantly states:
 {¶ 37} "* * * If the indictment contains one or more specifications, and a plea of guilty or no contest to the charge is accepted, the court may dismiss the specifications and impose sentence accordingly, in the interests of justice.
 {¶ 38} "If the indictment contains one or more specifications that are not dismissed upon acceptance of a plea of guilty or no contest to the charge, or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall: (a) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly."
 {¶ 39} Appellant argues that the trial court was required to comply with the three-judge panel requirements set forth at R.C.2945.06 and Crim.R. 11(C)(3), because the nolle prosequi on the death specifications was not entered until the end of the plea hearing, after appellant's plea was entered and accepted by the trial court, and after sentence was imposed. We disagree.
 {¶ 40} Review of a trial court's application of a statute is a question of law, which we review de novo, without deference to the legal determinations of the trial court. Nigro v. Nigro,
9th Dist. No. 04CA008461, 2004-Ohio-6270, at ¶ 6.
 {¶ 41} Appellant relies, in support of his argument, uponState v. Parker, 95 Ohio St.3d 524, 2002-Ohio-2833, wherein the Supreme Court of Ohio held that "[a] defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty." Id., at the syllabus. In Parker, the defendant pled guilty to aggravated murder and to an attendant death-qualifying specification. Although the state agreed to forego seeking the death penalty, the death penalty was still an option for the judge.
 {¶ 42} We compare this decision to those involving defendants charged with a capital crime, but whose indictments were amended to eliminate the death specifications prior to accepting the plea. In such cases, where the death penalty is no longer a sentencing option for the judge, courts have consistently held that a three-judge panel is not necessary; rather, a single judge can accept the plea and sentence the defendant on the non-capital charges. See, e.g., State v. McMonagle, 87 Ohio St.3d 543,2000-Ohio-477 (state amended indictment prior to plea); State v.Jones, 6th Dist. No. WM-02-012, 2003-Ohio-1037 (at plea hearing, trial court dismissed death specifications after plea was tendered but before it was accepted).
 {¶ 43} This case is most analogous to State v. West, 9th Dist. No. 04CA008554, 2005-Ohio-990. In that case, the defendant, Nathaniel West, was originally charged with, inter alia, two counts of aggravated murder with capital murder specifications. He pled guilty, but only to non-capital charges. On appeal, West argued that the trial court was required to comply with R.C.2945.06 when it accepted his guilty pleas, because when he was originally indicted, he was charged with an offense punishable by death.
 {¶ 44} In considering whether R.C. 2946.06 was applicable to the proceedings, the court cited State v. Parker, supra, for the proposition that "`neither R.C. 2945.06 nor Crim.R. 11(C) require[s] an examination and determination by a three-judge panel [where a defendant is] no longer charged with an offense punishable by death at the time he enter[s] his guilty plea noted that all of the capital murder.'" Id., at ¶ 37, citing State v.Parker, supra, at ¶ 10 (emphasis in original), citing State v.McMonagle, supra, at 545. Noting that the specifications against West had been dismissed "pursuant to the plea agreement," and, further, that West "did not plead guilty to any offense that was punishable by death," the court concluded that R.C. 2946.06 did not apply in that case. Id., at ¶ 36-38.
 {¶ 45} Applying the above-stated law to the facts of this case, we find that R.C. 2945.06 and Crim.R. 11(C)(3) are inapplicable herein, where appellant pled guilty only to aggravated murder, with a firearm specification, and to aggravated robbery. Appellant did not plead guilty to a death specification. Thus, at the time he entered his plea, and when the trial court accepted it and sentenced him on it, death was no longer a sentencing option. Because appellant did not face any possibility of being sentenced to death, a three-judge panel was not required.
 {¶ 46} Even, assuming arguendo, that the three-judge panel requirement did apply in this case, we reject appellant's claim that his plea was void as a matter of law. In State v. Parker,95 Ohio St.3d 524, 2002-Ohio-2833 the Supreme Court of Ohio held that "[t]he three-judge-panel requirement of R.C. 2945.06 is a jurisdictional matter that cannot be waived. * * *" On the other hand, the same court, in Pratts v. Hurley, 102 Ohio St.3d 81,2004-Ohio-1980, determined that the failure of a court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the trial court's judgment void ab initio; rather, it constitutes an error in the court's exercise of jurisdiction that must be raised on direct appeal." Id., at the syllabus.
 {¶ 47} In an attempt to reconcile the State v. Parker
pronouncement — that the three-judge panel requirement is an unwaivable jurisdictional matter — with other, earlier, precedent stating that the issue is one of an erroneous exercise of jurisdiction that may not be attacked except upon direct appeal, the Eighth District Court of Appeals in State v. Woods, 8th Dist. No. 82120, 2003-Ohio-2475, held that "State v. Parker
must be interpreted to mean that a defendant need not raise error relative to compliance with R.C. 2945.06 at the trial level before raising it upon direct appeal. In a Crim.R. 32.1 motion context, reversal is not automatic upon a showing of a violation and, in order to sustain such a motion based on a failure to adhere to R.C. 2945.06 at the plea stage of proceedings, a judge must find that the error resulted in a manifest injustice." Id., at ¶ 13. We are persuaded by this reasoning.
 {¶ 48} Under Crim.R. 32.1, a court may set aside a judgment of conviction and permit a defendant to withdraw his plea after sentencing only to correct "manifest injustice." Crim.R. 32.1;State v. Carabello (1985), 17 Ohio St.3d 66, 67; State v.Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Under this standard, a post-sentence motion to withdraw should be allowed only under extraordinary circumstances. State v. Smith,
supra, at 264 "`Manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." State v. Woods, supra, at ¶ 16.
 {¶ 49} The burden is on the defendant to establish the existence of such injustice. State v. Smith, supra, at paragraph one of the syllabus. "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." State v. Carabello, supra, at 67. An undue delay between the occurrence of the alleged cause for withdrawal of the guilty plea and the filing of a motion under Crim.R. 32.1 is a factor militating against the granting of the motion. State v. Smith, supra, at paragraph three of the syllabus.
 {¶ 50} We begin by determining whether use of the single-judge court could have amounted to manifest injustice in this case. Here, appellant faced charges of aggravated murder with two death-qualifying specifications and a firearm specification, aggravated robbery with a firearm specification, and aggravated burglary with a firearm specification. In exchange for his plea to aggravated murder and the attendant firearm specification and to aggravated burglary, appellant avoided the possible sentence of death and the possible prison terms associated with the aggravated burglary charge and its attendant firearm specification, and the firearm specification attached to the aggravated robbery charge. We cannot say there was anything manifestly unjust about this bargain, nor is there any evidence to suggest that appellant would have gotten a better deal had a three-judge panel been convened.
 {¶ 51} We next consider appellant's claim that the written plea agreement misled him into pleading guilty to aggravated robbery without his intent. Review of the written plea agreement reveals that appellant pled guilty to aggravated murder with a firearm specification, and that the maximum penalty for such violation was 20 years to life plus three years actual incarceration and/or a fine of up to $25,000. In exchange, the state "dismisse[d] the death specifications, firearm specification attached to the aggravated robbery, and the aggravated burglary and its attached firearm specification."
 {¶ 52} Although there was apparently some error in the omission of any reference to the offense of aggravated robbery in the written document, review of the plea transcript shows that all parties at the hearing, including appellant, contemplated that appellant would plead guilty to both aggravated murder and aggravated robbery, and that appellant would receive a sentence of seven to 25 years for the aggravated robbery charge. The transcript further reveals that appellant, after affirming his understanding of the charges against him, did, in fact, plead guilty to aggravated murder with a firearm specification, and to aggravated robbery. The trial court then informed appellant of the sentence (of from seven to 25 years imprisonment) that would be imposed on the aggravated robbery charge, and stated that it could be ordered to be served consecutively to the sentences imposed for aggravated murder and for the firearm specification . Appellant affirmed his intent to enter such a plea with the attendant sentences, after which the trial court proceeded to sentence appellant for, inter alia, the offense of aggravated robbery.
 {¶ 53} We find no evidence of manifest injustice here. Although there may well have been some ministerial mistake in the drafting of the plea agreement, it was an error of omission that was limited to the document itself. And although the written plea agreement made no mention regarding the disposition of the substantive charge of aggravated robbery, statements made by the trial court, appellant, and appellant's counsel — more than 11 years prior to the filing of appellant's motion to withdraw guilty plea — unequivocally demonstrate that appellant was knowingly and voluntarily pleading to such charge, with its attendant sentence.[4]
 {¶ 54} Because, under the circumstances of this case, we find no manifest injustice to have resulted from either the use of a single-judge trial court or in connection with the alleged omissions in the written plea agreement, we likewise find there is no manifest injustice resulting from the trial court's failure to inform appellant of any right to have a three-judge panel.
 {¶ 55} We next examine whether the alleged ineffective assistance of counsel constituted manifest injustice in this case. Specifically, we must consider whether defense counsel's failure to object to the trial court's failure to convene a three-judge panel or defense counsel's failure to challenge the trial court's alleged breach of the written plea agreement amounted to manifest injustice.
 {¶ 56} To determine whether an appellant's right to effective assistance of counsel has been violated, the appellant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 9, citing Strickland v.Washington (1984), 466 U.S. 668, 687. When considering the potential deficiency of counsel, the court must determine whether there was a substantial violation of any of defense counsel's essential duties to his client. State v. Ray, supra. Prejudice exists when there is a "reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, 143. With regard to guilty pleas, in particular, "`the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty'." State v.Xie (1992), 62 Ohio St.3d 521, 524, quoting Hill v. Lockhart
(1985), 474 U.S. 52, 59.
 {¶ 57} We find that appellant has failed to allege facts demonstrating that his counsel's performance was deficient. His argument alleging ineffective assistance was premised on the notion that the written plea agreement improperly induced his plea, and that the trial court lacked jurisdiction to sentence him in the absence of a three-judge panel and the taking of evidence. Unfortunately for appellant, both of these notions were found to be without merit. In fact, all of the issues raised by appellant have been found to be without merit. Defense counsel did not render ineffective assistance by failing to raise them back in 1992. In addition, there is nothing to suggest that appellant was prejudiced in any way by his counsel's assistance.
 {¶ 58} Finally, we consider appellant's claim that the trial court abused its discretion in failing to conduct a hearing upon his Crim.R. 32.1 motion. A trial court is not required to hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea, except when the facts as alleged by the defendant indicate a manifest injustice would occur if the plea were allowed to stand. State v. Zinn, supra, at ¶ 16. Moreover, an evidentiary hearing is not required if the arguments presented by the petitioner are barred by the doctrine of res judicata. Id. As indicated in the discussions above, appellant's arguments were all barred by the doctrine of res judicata. Even if resjudicata were found inapplicable to appellant's Crim.R. 32.1 motion, appellant's claims would still fail, because they do not rise to the level of manifest injustice.
 {¶ 59} For all of the foregoing reasons, appellant's assignments of error are both found not well-taken. Accordingly, the judgment of the Lucas County Court of Common Pleas is affirmed.
 {¶ 60} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Skow, J. concur.
[1] As will be discussed infra, we find that appellant did not, in fact, have a right to have a three-judge panel in this case.
[2] See footnote 1.
[3] See State v. Lucente, 7th Dist. No. 03 MA 216,2005-Ohio-1657, ¶ 10-14 (suggesting — contrary to State v.Brown, supra, and to our analysis herein — that a Crim.R. 32.1 motion to withdraw a guilty plea is not subject to res judicata
on the grounds that the issues raised in the motion could have been raised in a direct appeal.)
[4] That the trial court did not engage in a full recitation of each and every element of the offenses charged in the indictment does not alter our conclusion herein. See State v. Fitzpatrick,102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 57.