OPINION
{¶ 1} Steven K. Savage appeals the judgment of the Geauga County Court of Common Pleas denying his motions for post-conviction relief. We affirm.
 {¶ 2} July 20, 2001, Savage was indicted by the Geauga County grand jury on fifteen counts of rape, one count of attempted rape, and six counts of sexual battery for conduct involving his minor step daughter. Nine of the rape counts carried mandatory life sentences upon conviction or a plea of guilty. Savage pled not guilty to all charges at his arraignment on July 23, 2001. At about this same time, Savage was under indictment in Lake County, Ohio, for charges stemming from the same or similar conduct with the child.
 {¶ 3} December 10, 2001, a plea agreement was filed. The parties agreed to amend three of the rape charges, deleting language specifying Savage had compelled his step daughter into sex through force or threat of force. This removed from him the shadow of (multiple) mandatory life sentences for his crimes. Savage agreed to plead guilty to the three amended charges, as well as two further charges of rape as indicted. He and the state agreed to a prison term of fifteen years. Savage stipulated to the findings then required under R.C. 2929.14(E) for imposition of consecutive sentences. He and the state jointly recommended to the trial court that he be deemed a sexual predator.
 {¶ 4} February 20, 2002, the trial court sentenced Savage to ten year terms of imprisonment for each of the amended rape charges. These sentences were to run concurrently, and concurrent with his sentence for rape out of Lake County. Savage was sentenced to concurrent terms of five years on the two other rape charges, these five year sentences to be served consecutive to his other sentences, for a total of fifteen years, the other charges being nolled.
 {¶ 5} June 22, 2005, Savage petitioned the trial court to vacate or set aside his conviction or sentence, pursuant to R.C. 2953.21(A)(1). July 8, 2005, he moved that court to withdraw his former guilty plea pursuant to Crim. R. 32.1. The state responded. By decision and judgment entry filed July 21, 2005, the trial court denied Savage relief. Savage timely noticed this appeal August 19, 2005, making six assignments of error:
 {¶ 6} "[1.] In summarily dismissing the petition for post-conviction relief without ordering an evidentiary hearing, the trial court deprived petitioner of his absolute right to due process of law Article 1
Section 16 Ohio Constitution and14th Amendment of the United States Constitution.
 {¶ 7} "[2.] The trial court abused it's [sic] discretion and committed prejudicial error when it denied the post-conviction petition and failed to proceed to an evidentiary hearing on the issues and merits of the claim.
 {¶ 8} "[3.] The trial court abused it's [sic] discretion and committed prejudicial error in holding that the U.S. Supreme Court's decision inApprendi v. New Jersey and Blakely v. Washington do not apply to Ohio's sentencing scheme.
 {¶ 9} "[4.] Ineffective assistance of trial counsel.
 {¶ 10} "[5.] In summarily dismissing defendant's post-sentence Criminal Rule 32.1 motion to correct sentence without ordering an evidentiary hearing, the trial court deprived defendant of his absolute right to due process of law Article 1 Section 16 Ohio Constitution and14th Amendment of the United States Constitution.
 {¶ 11} "[6.] The trial court abused it's [sic] discretion and committed prejudicial error when it denied appellant's post-sentence Criminal Rule 32.1 motion to correct sentence and failed to proceed to an evidentiary hearing on the issues and merits of the claims."
 {¶ 12} Under his first assignment of error, Savage alleges his due process rights were infringed when the trial court denied his petition to vacate sentence without holding an evidentiary hearing.
 {¶ 13} A criminal defendant challenging his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. State v. Schlee (Sept. 22, 2000), 11th Dist. No. 99-L-112,2000 Ohio App. LEXIS 4354, at *6. Whether to hold a hearing is discretionary with the trial court. Id. at *7. First, the trial court must determine if there are substantive grounds for relief, R.C. 2953.21(C), i.e., whether "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * ** [.]" R.C. 2953.21(A)(1). The court makes this determination by reviewing the petition for relief, supporting affidavits and documents, and the entire record in the case. R.C. 2953.21(C). However, if that review indicates the petitioner is not entitled to relief, then no hearing is required.
 {¶ 14} Savage argues that he was entitled to a hearing due to the alleged unconstitutionality of his sentencing, wherein the trial court relied on judicial factfinding, formerly mandated by R.C. 2929.14(B), in imposing more than minimum sentences. Of course, R.C. 2929.14(B) was declared unconstitutional by the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraph one of the syllabus.[1]
 {¶ 15} The Foster Court relied on the rule in Apprendi v. NewJersey (2000), 530 U.S. 466, as applied by Blakely v. Washington (2004),542 U.S. 296, in determining that sentences based on judicial factfinding, rather than a jury verdict or admission of thedefendant, are prohibited constitutionally. Foster at paragraph one of the syllabus. Savage pled guilty to five counts of rape, and stipulated to the length of his incarceration. His sentences are based on his admissions.
 {¶ 16} The first assignment of error is without merit.
 {¶ 17} Under his second assignment of error, Savage argues that his petition for post-conviction relief was timely (even though filed more than three years after his sentencing), pursuant to R.C. 2953.23(A)(1), and that he was entitled, therefore, to a hearing. The statute provides that a petition is timely filed if two criteria are met: (1) it is based on a new federal or state right recognized by the United States Supreme Court, which right applies retroactively; and (2) the petitioner shows by clear and convincing evidence that no reasonable factfinder would have convicted him, absent the complained-of constitutional error. R.C. 2953.23(A)(1)(a) and (b).
 {¶ 18} This assignment of error fails. Savage points to no constitutional error attending his sentencing in 2002, or the trial court's rejection of his petition to vacate in 2005. His sentences were based on his admissions, and he stipulated to the length of those sentences. Per Foster, Blakely has no retrospective application. Further, he simply cannot meet the second prong of the test, set out at R.C. 2953.23(A)(1)(b), as the alleged constitutional error relates not to his admitted guilt, but simply to his sentencing.
 {¶ 19} The second assignment of error is without merit.
 {¶ 20} Under his third assignment of error, Savage again argues that the trial court erred in determining that Apprendi and Blakely were inapplicable to his sentencing. The analysis applied to the first and second assignments of error is dispositive.
 {¶ 21} The third assignment of error is without merit.
 {¶ 22} Under his fourth assignment of error, Savage argues he received ineffective assistance of counsel, due to failure of his counsel to divine, in the winter of 2001-2002, the decision of the United States Supreme Court in Blakely in 2004. Savage admits his counsel was a properly licensed attorney in this state, and thus, presumed to be competent. Schlee at *9. The burden of proving ineffective assistance of counsel falls on the defendant. Id. Savage cites no authority requiring counsel to possess oracular powers.
 {¶ 23} The fourth assignment of error is without merit.
 {¶ 24} Under his fifth assignment of error, Savage argues he was deprived of his due process rights as a result of the failure of the trial court to hold an evidentiary hearing on his Crim. R. 32.1 motion to withdraw his guilty plea. Crim. R. 32.1 provides:
 {¶ 25} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 26} The decision to grant or deny a Crim. R. 32.1 motion is within the sound discretion of the trial court. State v. Zinn, 4th Dist. No. 04CA1, 2005-Ohio-525, at ¶ 14. It is reviewed for abuse of discretion. Id. "Abuse of discretion" is not mere error of judgment. Id. Rather, the term "connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary." Id. A trial court is not required to hold an evidentiary hearing on a Crim. R. 32.1 motion, unless it appears from the facts alleged by the defendant that manifest injustice would occur if the plea stands. Id. at ¶ 16.
 {¶ 27} In this case, Savage alleges no facts indicating he is the victim of "manifest injustice." He alleges no facts at all. He infers he would not have entered the plea agreement in 2001-2002, if he had been aware of the potential constitutional infirmities of the Ohio sentencing statutes, under Apprendi and Blakely. He argues that abolition of judicial factfinding under R.C. 2929.14(B) entitles him to minimal three-year sentences for the first degree felonies to which he pled. He asserts, yet again, ineffective assistance of counsel for failing to argue this.
 {¶ 28} It is defendant's burden to establish "manifest injustice" for purposes of Crim. R. 32.1. Zinn at ¶ 15. Savage's assumptions and allegations fail to do so. Indeed, for his instruction, we point out that under the rule of Apprendi and Blakely, as applied in Ohio, a successful resolution to this appeal would allow the trial court to resentence him to five consecutive ten-year terms of incarceration, at the least. Foster, at paragraph seven of the syllabus. As a matter of common sense, Savage has suffered no injustice of any kind.
 {¶ 29} The fifth assignment of error is without merit.
 {¶ 30} Under his sixth assignment of error, Savage reiterates and elaborates on the theme that he is entitled to resentencing underApprendi and Blakely. Essentially, he argues that the trial court abused its discretion in failing to hold a Crim. R. 32.1 hearing, vacating or modifying his sentences, since those sentences were "void" or "voidable." He premises this argument on the trial court's discretion to refuse a plea agreement, combined with Blakely's alleged mandate that he receive minimal sentences. As the law stood at the time of his sentencing, and as it stands now, the trial court could have sentenced Savage to far longer terms of imprisonment. The reasoning applicable to the previous assignments of error, especially the fifth, applies again.
 {¶ 31} The sixth assignment of error is without merit.
 {¶ 32} The judgment of the Geauga County Court of Common Pleas is affirmed.
DONALD R. FORD, P.J., DIANE V. GRENDELL, J., concur.
[1] Foster was decided after Savage filed his assignments of error and brief in this case, and he does not argue it. Rather, he relies directly on Apprendi and Blakely.