DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Ranulfo Razo, appeals the decision of the Lorain County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm the decision of the trial court.
 {¶ 2} Defendant was indicted by the Lorain County Grand Jury on May 23, 2001, for two counts of Rape, in violation of R.C.2907.02(A)(1)(b), and a third count of Rape, in violation of R.C.2907.02(A)(2). Defendant entered a plea of not guilty to the charges on June 29, 2001.
 {¶ 3} On March 5, 2002, Defendant appeared in court with his counsel and entered a guilty plea to an amended indictment on two counts of rape. Defendant was found to be a sexual predator and he was sentenced to a term of five to twenty-five years on count one, and to a term of six to twenty-five years on count three (count two was nolled). The sentences were to be served consecutively.
 {¶ 4} On December 20, 2004, Defendant filed a motion to withdraw his guilty plea. The trial court denied Defendant's motion on January 6, 2005. Defendant now appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred and abused its discretion in denying leave to withdraw the guilty plea in this case where [Defendant] demonstrated ineffective counsel and manifest injustice, without conducting any hearing."
 {¶ 5} In his only assignment of error, Defendant maintains that the trial court abused its discretion in denying his motion to withdraw his guilty plea without conducting a hearing. We disagree.
 {¶ 6} It is within the trial court's sound discretion to determine whether there is a legitimate and reasonable basis for the withdrawal of a guilty plea, and absent an abuse of discretion, the trial court's decision on the matter must be affirmed. State v. Remines (Feb. 25, 1998), 9th Dist. No. 97CA006700, at 3, citing State v. Xie (1992),62 Ohio St.3d 521, 527. An abuse of discretion is more than an error of judgment; it implies a decision that is "unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 7} Crim.R. 32.1 dictates when a motion to withdraw a guilty plea may be made. It provides that the motion "may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Id.
 {¶ 8} A defendant does not have an absolute right to withdraw his guilty plea. Xie, 62 Ohio St.3d 521, at paragraph one of the syllabus. Pursuant to Crim.R. 32.1, a post-sentence motion to withdraw a guilty plea must demonstrate a manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. The defendant has the burden of establishing the existence of manifest injustice. State v. Gegia,157 Ohio App.3d 112, 2004-Ohio-2124, at ¶ 8.
 {¶ 9} Defendant maintains that his counsel was ineffective for not interviewing a possible alibi witness, and for failing to request an interpreter. This court employs a two-step process in determining whether a defendant's right to effective assistance of counsel has been violated. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v.Calhoun, 86 Ohio St.3d 279, 289, 1999-Ohio-102. "This requires a showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id.
 {¶ 10} Second, the defendant must show that the deficient performance of counsel prejudiced the defense. State v. Bradley
(1989) 42 Ohio St.3d 136, paragraph two of the syllabus. Prejudice exists where there is a reasonable probability that the outcome of the trial would have been different but for the alleged deficiencies of counsel. Bradley at paragraph 3 of the syllabus. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland 466 U.S. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id at 691.
 {¶ 11} This court need not address both elements in any particular order — if we find that there was no prejudice to Defendant by defense counsel's acts, we need not address whether defense counsel's acts were actually deficient. See Bradley,42 Ohio St.3d at 141. In this case, we find that Defendant has failed to show that prejudice resulted from his trial counsel's actions.
 {¶ 12} Licensed attorneys are presumed competent in Ohio.State v. Lytle (1976), 48 Ohio St.2d 391, at 397. Defendant must overcome the "presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"Strickland, 466 U.S. at 689, quoting Michel v. Louisiana
(1955), 350 U.S. 91, 100 L.Ed. 83.
 {¶ 13} In regard to Defendant's trial counsel's failure to interview a possible alibi witness, we note that trial counsel's tactical strategies are afforded a presumption of reasonableness. See Id. See, also, State v. Clayton (1980), 62 Ohio St.2d 45. Defendant alleges that his counsel was ineffective for failing to interview an alleged alibi witness. Defendant's counsel did file a Notice of Alibi on November 2, 2001, stating that Defendant had an alibi witness to testify that Defendant resided in Ohio from May 27, 1992, through October 15, 1992. While defense counsel may not have actually interviewed the alibi witness, we cannot find that Defendant was prejudiced by that failure.
 {¶ 14} Defendant alleges that the alibi witness would have shown that he was not in the state of Ohio during the time period in which the indictment stated he had committed rape, and therefore, his counsel was ineffective for failing to interview the alibi witness. We disagree. Counts one and three of the amended indictment, to which Defendant plead guilty, stated that he raped two minors between January 1, 1991, and December 31, 1993. Even if Defendant's alibi witness were to testify that Defendant was living in Florida for part of the time between 1991 and 1993,[1] it does not change the fact that Defendant was living in Ohio for a portion of the time stated in his indictment. Therefore, even taking as true the facts alleged in Defendant's Notice of Alibi, the alibi witness would not have provided Defendant with a complete alibi. We cannot state that Defendant's counsel was ineffective or that he prejudiced Defendant by not interviewing a witness who would only provide a partial alibi, at best.
 {¶ 15} Additionally, we have no evidence as to what the alibi witness' testimony may have contained other than the statement in Defendant's Notice of Alibi and the assertion in Defendant's brief. Defendant has not submitted any evidence showing what the witness would have said. Where this Court has "absolutely no means of determining what [a witness'] testimony would have, in fact, included * * * we refuse to engage in speculation and supposition as to what the extent of that testimony might have shown." State v. Hodge (Jan. 3, 2001), 9th Dist. No. 3072-M, at 9.
 {¶ 16} If we rely on Defendant's Notice of Alibi, Defendant's argument that the alibi witness would have testified that Defendant was out of state during the dates stated on the indictment is false. If we rely on Defendant's unsupported declaration made in his brief that the witness would testify that he was out of state during the time period on the indictment, we would be relying on pure speculation as to what the additional evidence might have shown. Speculation is not enough to succeed on an ineffective assistance of counsel claim. See Hodge,
supra, at 9; State v. Ramos, 9th Dist. No. 21286, 2003-Ohio-2637, at ¶ 22.
 {¶ 17} Defendant also stated that his counsel was ineffective for failing to request an interpreter to be present during the plea hearing. However, Defendant did not provide a transcript for this Court to review to determine if Defendant's counsel did in fact, request an interpreter, or if one was needed.
"When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.
Without a transcript to show what actually happened, we cannot hold that defense counsel was insufficient for failing to request an interpreter.
 {¶ 18} Without any evidence to support Defendant's assertions, we have no choice but to uphold the trial court's decision denying Defendant's motion to withdraw his guilty plea. As mentioned above, we review a trial court's decision denying a motion to withdraw a guilty plea under an abuse of discretion standard. Without any evidence supporting Defendant's assertions that the trial court erred, we will not find that the lower court acted in a manner that was "unreasonable, arbitrary, or unconscionable." Adams, 62 Ohio St.2d 151, 157.
 {¶ 19} We find that Defendant has not shown that his counsel's actions amounted to manifest injustice, as required to grant a post-sentence motion to withdraw a guilty plea. Consequently, we cannot say that the trial court abused its discretion in denying Defendant's motion to withdraw his guilty plea.
 {¶ 20} Finally, we find that, contrary to Defendant's assertions, the trial court did not error in failing to hold an evidentiary hearing on his motion to withdraw his guilty plea. An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." State v. Russ, 8th Dist. No. 81580, 2003-Ohio-1001, ¶ 12.
 {¶ 21} We determined above that no manifest injustice had occurred. Since it was clear that denial of Defendant's motion to withdraw his guilty plea was warranted, the trial court was not required to hold a hearing on the matter. State v. Francis,104 Ohio St.3d 490, 2004-Ohio-6894, at ¶ 51. See, also, Xie62 Ohio St.3d at 527. Therefore, we find Defendant's assignment of error not well taken.
 {¶ 22} Defendant's assignment of error is overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Moore, J., concur.
[1] In Defendant's Notice of Alibi, it states that the alibi witness would testify that Defendant was living in Ohio from May 27, 1992 through October 15, 1992, and the remaining times stated in the indictment, he was living in Florida.