DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Donald K. Ray has appealed the decision of the Summit County Court of Common Pleas denying his motion to withdraw a guilty plea. This Court affirms.
 I {¶ 2} Appellant was indicted in the Northern District of Ohio for Conspiring to Distribute a Controlled Substance per 21 U.S.C. 841(a) and846 on September 1, 2001. On October 22, 2001, Appellant pled guilty in federal court to Possession of Crack Cocaine per 21 U.S.C. 844(a). On January 17, 2002, the United States District Court, Northern District of Ohio sentenced Appellant to a non-mandatory term of incarceration of six years and ordered that Appellant participate in an outpatient treatment program for alcohol and drug dependency.
 {¶ 3} In the interim, on January 3, 2005, Appellant pled guilty in state court to a charge of Possession of Cocaine per R.C. 2925.11(A) and2925.11(C)(4)(d), a second degree felony. Immediately following his guilty plea, Appellant was sentenced to a mandatory term of six years incarceration in the Ohio state penitentiary system. The sentence was structured as to be served concurrently with the federal sentence.
 {¶ 4} Appellant ultimately filed a motion to withdraw his guilty plea as to the state charge. Appellant's motion was denied by order of the Summit County Court of Common Pleas on November 29, 2004. Appellant has appealed this decision, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court erred in denying the appellant's motion to withdraw guilty plea and permitting a hearing on the motion because a manifest injustice was clearly created by the ineffectiveness of his trial counsel at the time of the plea."
 {¶ 5} In his first assignment of error, Appellant has argued that the trial court erred in denying his motion to withdraw his guilty plea. Specifically, Appellant has argued that the ineffective assistance of his trial counsel constituted a manifest injustice sufficient to justify a post sentence withdrawal of a guilty plea. We disagree.
 {¶ 6} Crim. R. 32.1 governs motions to withdraw guilty pleas. The rule provides in pertinent part:
"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim. R. 32.1.
 {¶ 7} It is well established that a "motion to withdraw a guilty plea that is made after sentencing must demonstrate a manifest injustice."State v. Gegia, 157 Ohio App.3d 112, 2004-Ohio-2124, at ¶ 8, citingState v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Under a manifest injustice standard, post-sentencing withdrawal motions will only be granted in extraordinary cases. See Smith,49 Ohio St.2d at 264. The burden of establishing manifest injustice lies with the movant, and they must support the allegation with specific facts contained in the record or in affidavits submitted with the motion.Gegia at ¶ 8.
 {¶ 8} "The decision to grant or deny a motion to withdraw a guilty plea is within the sound discretion of the trial court." Gegia at ¶ 9, citing Smith, 49 Ohio St.2d at 264. We review such a decision under an abuse of discretion standard. State v. Pulizzi, 9th Dist. No. 20729, 2002-Ohio-2209, at ¶ 7. This standard reflects more than simple error in judgment by the trial court. It signals an unreasonable, arbitrary or unconscionable attitude on the part of the trial court. Gegia at ¶ 9, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Finally, when applying an abuse of discretion standard, the appellate court may not substitute its judgment for that of the trial court. Gegia at ¶ 9, citing Berk v. Matthews (1990), 53 Ohio St.3d 161, 169. Simply put, "absent an abuse of discretion, the trial court's decision on the matter must be affirmed." (Citation omitted). State v. Razo, 9th Dist. No. 05CA008639, 2005-Ohio-3793, at ¶ 6.
 {¶ 9} Appellant has argued that the ineffective assistance of counsel constituted manifest injustice sufficient to permit the post sentence withdrawal of a guilty plea. When determining whether an Appellant's right to effective assistance of counsel has been violated, this Court employs the two-step analysis announced in Strickland v. Washington
(1984), 466 U.S. 668, 687. See Razo at ¶ 9. First, the Appellant must show that counsel's performance was deficient. Strickland, 466 U.S. at 687. When considering the potential deficiency of counsel, the Court must determine whether there was a "`substantial violation of any of defense counsel's essential duties to his client.'" Razo at ¶ 9, quoting Statev. Calhoun (1999), 86 Ohio St.3d 279, 289. Second, the "defendant must show that the deficient performance prejudiced the defense." Strickland,466 U.S. at 687. The Ohio Supreme Court has held that such prejudice exists when there is a "reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."State v. Bradley (1989), 42 Ohio St.3d 136, 143, certiorari denied (1990), 497 U.S. 1011, 110 S. Ct. 3258, 111 L. Ed.2d 768. Specifically with regard to guilty pleas, "`the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.'" State v. Xie (1992), 62 Ohio St. 3d 521, 524, quotingCHill v. Lockhart (1985), 474 U.S. 52, 59, certiorari denied (1990),497 U.S. 1011, 110 S. Ct. 3258, 111 L. Ed. 2d 767.
 {¶ 10} This Court finds that Appellant has failed to demonstrate facts indicating that his counsel's performance was deficient. We have held that we need not address both prongs of the Strickland test should it find that defendant failed to prove either. "This court need not address both elements in any particular order — if we find that there was no prejudice to Defendant by defense counsel's acts, we need not address whether defense counsel's acts were actually deficient." Razo at ¶ 11.
 {¶ 11} In the instant case, Appellant has argued that his counsel's assistance was ineffective because counsel failed to advise him of R.C. 2925.50, a statute that Appellant purports barred his state conviction due to his conviction at the federal level. Appellant is mistaken about the applicability of R.C. 2925.50. The statute states:
"If a violation of this chapter is a violation of the federal drug abuse control laws, as defined in section 3719.01 of the Revised Code, a conviction or acquittal under the federal drug abuse control laws for the same act as a bar to prosecution in this state." R.C. 2925.50.
 {¶ 12} According to the record, Appellant pled guilty in the federal court on October 22, 2001. However, he was not sentenced until January 17, 2002. It is well settled in both the federal and state courts that a defendant is not convicted until they are sentenced, the judge has signed the judgment, and the clerk has entered the judgment. See Fed.R.Crim.P32(k)(1); Ohio Crim. R. 32(C). Because Appellant was not convicted until January 17, 2002, his federal conviction occurred subsequent to his guilty plea in state court, which occurred on January 3, 2002. Therefore, R.C. 2925.50 did not act as a bar to Appellant's state conviction and defense counsel's failure to advise him of the statute does not constitute deficient performance. Failing to inform a client of an inapplicable statute does not rise to the level of a "substantial violation of any of defense counsel's essential duties to his client."Razo at ¶ 9.
 {¶ 13} Because Appellant has failed to demonstrate deficient performance, we need not address the prejudice element of the Strickland
test. This Court finds that Appellant's ineffective assistance of counsel claim, and therefore his claim of manifest injustice, is without merit.
 {¶ 14} Appellant has also argued that the trial court's failure to conduct an evidentiary hearing on his post-sentence motion to withdraw a guilty plea constituted an abuse of discretion. Specifically, Appellant has argued that a trial court must conduct a hearing on a post-sentence motion to withdraw a guilty plea if the facts alleged by the defendant, accepted as true, would require the court to permit that plea to be withdrawn. State v. Hamed (1989), 63 Ohio App.3d 5, 7.
 {¶ 15} This Court has addressed the issue of whether a hearing is necessary prior to ruling on a motion to withdraw a guilty plea. SeeState v. McMinn (June 16, 1999), 9th Dist. No. 2927-M, at 9. Specifically, we have held that "[i]f, taking the facts alleged by the defendant as true, the defendant still would not have met his burden of demonstrating a manifest injustice the trial court may dispose of the motion without an evidentiary hearing." Id. at 6.
 {¶ 16} Here, assuming arguendo that Appellant's allegations of ineffective assistance were true, he still would not have met his burden of proving manifest injustice. As previously discussed, Appellant's claim does not rise to manifest injustice because R.C. 2925.50 is inapplicable to the particular facts of this case, and therefore Appellant would not have been able to establish a manifest injustice. Therefore, the trial court's refusal to conduct a hearing was not an abuse of discretion.
 {¶ 17} Based on the foregoing, Appellant's sole assignment of error is without merit.
 III {¶ 18} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Batchelder, J., concur.