[Cite as *State v. Arnold*, 2012-Ohio-5809.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 12CA0043-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN B. ARNOLD | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE Nos. 11-TRC-05000-A |
| | 11-TRC-05000-B |

DECISION AND JOURNAL ENTRY

Dated: December 10, 2012

MOORE, Presiding Judge.

{¶1}   Defendant, John B. Arnold, appeals from the judgment of the Wadsworth Municipal Court.  This Court affirms.

I.

{¶2}   In the early morning hours of October 12, 2011, Mr. Arnold was driving on Seville Road in Wadsworth.  Officer Dan Shunk, of the Wadsworth Police Department, was also traveling on Seville Road, approaching Mr. Arnold's car from behind.  Officer Shunk observed Mr. Arnold's car traveling toward the left of his lane and drive upon the center lane markings.  Officer Shunk initiated a traffic stop on Mr. Arnold.  After ascertaining Mr. Arnold's identity, he discovered that Mr. Arnold's driver's license had been suspended.  Further, based upon Mr. Arnold's driving and Officer Shunk's ensuing discussion with, and observations of, Mr. Arnold, the officer requested that Mr. Arnold perform sobriety tests.  Mr. Arnold refused.  Ultimately, the officer placed Mr. Arnold under arrest.  Once they arrived at the police station, the officer

requested Mr. Arnold to perform a breathalyzer test, and he read to Mr. Arnold from a BMV form pertaining in part to the effect of refusing the breathalyzer test. Officer Shunk read this form three times to Mr. Arnold, who each time maintained that he did not understand what the form meant. Officer Shunk ultimately cited Mr. Arnold with weaving in violation of the Wadsworth Code of Ordinances ("Loc.Ord.") 73.08, failure to reinstate a license in violation of R.C. 4510.21(A), refusal of chemical test in violation of R.C. 4511.19(A)(2), and OVI in violation of R.C. 4511.19(A)(1)(a). Mr. Arnold entered not guilty pleas to all of the charges.

{¶3} Prior to trial, Mr. Arnold changed his plea to no contest on the charge of failure to reinstate his license, and he was found guilty on that count by the trial court. The case proceeded to jury trial on the refusal of a chemical test and OVI charges, and the jury returned guilty verdicts on these counts. The trial court decided the weaving charge, finding Mr. Arnold not guilty. The trial court sentenced Mr. Arnold to a total of ninety days of incarceration, together with a fine and costs.

{¶4} Mr. Arnold timely appealed from the sentencing entry and presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

[MR. ARNOLD] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO MOVE TO SUPPRESS EVIDENCE THAT CLEARLY WOULD HAVE BEEN SUPPRESSED HAD TRIAL COUNSEL REQUESTED A SUPPRESSION HEARING.

{¶5} In his sole assignment of error, Mr. Arnold argues that his trial counsel was ineffective for failing to move to suppress the evidence. We disagree.

{¶6} We must analyze claims of ineffective assistance of counsel under a standard of objective reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984); *State v.*

*Bradley*, 42 Ohio St.3d 136, 142 (1989). Under this standard, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland* at 687. A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id.* at 694. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. This Court need not address both the deficiency and the prejudice prongs of *Strickland* if an appellant fails to prove either one. *State v. Ray,* 9th Dist. No. 22459, 2005-Ohio-4941, ¶ 10.

{¶7} Here, Mr. Arnold contends that his trial counsel was ineffective in failing to file a motion to suppress evidence on the basis that the initial stop of his vehicle was not justified. Mr. Arnold claims he was prejudiced by this failure because he contends that the evidence obtained as a result of the stop would have been excluded by the trial court had the motion been filed.

{¶8} The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution prohibit law enforcement from conducting unreasonable and warrantless searches and seizures. Courts are required to exclude evidence obtained by means of searches and seizures that are found to violate the Fourth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 657 (1961).

{¶9} A police-initiated stop of an automobile is a seizure under the Fourth Amendment and falls within the purview of *Terry v. Ohio*, 392 U.S. 1 (1968). *See Delaware v. Prouse*, 440 U.S. 648, 653, 663 (1979). To justify a traffic stop under the Fourth Amendment, officers must possess a reasonable suspicion of criminal activity. *See Terry*, 392 U.S. at 21.

{¶10} Here, the officer stopped Mr. Arnold based upon his alleged violation of Loc.Ord. 73.08, which prohibits driving in a weaving course:

> (A) No person shall operate a motor vehicle upon any street or highway in a weaving or zigzag course unless such irregular course is necessary for safe operation or to be [in] compliance with law.
>
> (B) Whoever violates this section is guilty of operating a motor vehicle in a weaving course, a minor misdemeanor.

{¶11} At trial, Officer Shunk testified that, on the date at issue, he observed Mr. Arnold's car travel "left in its lane and its driver's side tires traveled on the double yellow line." Based upon these observations, the officer initiated the traffic stop. The State produced video recorded from Officer Shunk's dashboard camera that contains footage of the officer following and stopping Mr. Arnold.

{¶12} When deciding whether Mr. Arnold was guilty of the weaving offense, the trial judge referenced the video, and it determined that it could not see Mr. Arnold travelling in a "zig-zagging course." Further, based upon the officer's testimony, which referenced the weaving offense only insomuch as to state that Mr. Arnold's car traveled left in the lane and upon the center lane markings, the trial court determined that this did not prove beyond a reasonable doubt that Mr. Arnold drove in a "zig-zagging course." In making this determination, the trial court stated:

> So I'm going to find -- now, so there's no question, that is reasonable or particular suspicion to stop a vehicle. Don't get me wrong, that is. But I don't find it's beyond a reasonable doubt a weaving course, so I'm going to find him not guilty of a weaving course.

{¶13} Mr. Arnold argues that, because the trial court found him not guilty on the weaving charge, had trial counsel moved to suppress evidence on the basis that the stop was not justified, the motion would have been successful, and the resulting evidence excluded. However, as noted by the trial court, the not guilty verdict on the weaving charge indicates that the State

did not prove the violation *beyond a reasonable doubt at trial*. It does not, however, establish that the officer lacked *a reasonable suspicion at the time of the stop* that Mr. Arnold was committing a traffic offense. *See State v. Fejes*, 9th Dist. No. 96CA0088, 1997 WL 600681, *1 (Sept. 17, 1997), quoting *State v. Trbovich*, 9th Dist. No. 17613, 1996 WL 364816, *2 (July 3, 1996) ("A reasonable suspicion is something less than probable cause"), and *State v. Yeagley*, 9th Dist. No. 96CA0022, 1996 WL 490259, *1 (Aug. 28, 1996) ("Probable cause is proof less than that beyond a reasonable doubt or by a preponderance of the evidence; it is only the probability, and not a prima facie showing, of criminal activity * * *." (Citations and quotation omitted.)); *see also State v. Ragle*, 9th Dist. No. 25706, 2012-Ohio-4253, ¶ 26 ("The amount of evidence necessary for probable cause to suspect a crime is being committed is less evidence than would be necessary to support a conviction of that crime at trial." (Quotations omitted.)). Mr. Arnold's argument is premised upon the assertion that had a suppression hearing taken place, the trial court would have determined that there was no reasonable articulable suspicion to initiate the stop. However, given the trial court's specific statement otherwise, Mr. Arnold's argument lacks merit.

{¶14} Accordingly, Mr. Arnold has failed to demonstrate that the outcome of the trial would have been different but for the alleged deficient performance of trial counsel. Therefore, his sole assignment of error is overruled.

### III.

{¶15} Mr. Arnold's assignment of error is overruled, and the judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

CARLA MOORE
FOR THE COURT

BELFANCE, J.
CONCURS.

DICKINSON, J.
CONCURRING IN JUDGMENT ONLY.

**{¶61}** Inasmuch as Mr. Arnold's lawyer did not file a motion to suppress, we do not know in this direct appeal from his conviction what evidence the State would have presented at a hearing on a motion to suppress. Accordingly, it is impossible for Mr. Arnold to satisfy the second prong of an ineffective assistance of counsel claim, and his assignment of error is correctly overruled. *State v. Davis*, 9th Dist. No. 25680, 2012-Ohio-788, ¶ 10.

APPEARANCES:

MICHAEL V. REPELLA, II, Attorney at Law, for Appellant.

PAGE C. SCHROCK, III, Attorney at Law, for Appellee.