[Cite as *State v. Warrington*, 2016-Ohio-244.]

STATE OF OHIO            )                IN THE COURT OF APPEALS
                         )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA         )

STATE OF OHIO                             C.A. No.      14CA0080-M

    Appellee

    v.                                    APPEAL FROM JUDGMENT
                                          ENTERED IN THE
JOHN WARRINGTON                           COURT OF COMMON PLEAS
                                          COUNTY OF MEDINA, OHIO
    Appellant                         CASE No.      14CR0081

DECISION AND JOURNAL ENTRY

Dated: January 25, 2016

MOORE, Judge.

{¶1}    Defendant, John Warrington, appeals from the judgment of the Medina County Court of Common Pleas.  We affirm.

I.

{¶2}    In 2014, the Medina County Grand Jury indicted Mr. Warrington on one charge of domestic violence in violation of R.C. 2919.25(A).  The charge arose from an alleged physical altercation with his adult daughter, who resided with Mr. Warrington and his wife.  The case proceeded to a jury trial, where Mr. Warrington and his wife testified on behalf of the defense, presenting a theory of self-defense.  The jury found Mr. Warrington guilty, and, thereafter the trial court imposed sentence.  Mr. Warrington timely appealed, and he now raises two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

[MR.] WARRINGTON'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE AT TRIAL AND [MR. WARRINGTON] WAS PREJUDICED BY HIS COUNSEL'S DEFICIENT PERFORMANCE.

{¶3} In his first assignment of error, Mr. Warrington argues that defense counsel was ineffective.

{¶4} This Court must analyze claims of ineffective assistance of counsel under a standard of objective reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). Under this standard, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland* at 687. A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable probability that the outcome of the trial would have been different. *Id.* at 694. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. This Court need not address both prongs of *Strickland* where an appellant fails to prove either prong. *See State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

{¶5} Here, Mr. Warrington maintains that defense counsel was deficient for engaging in "excessive and palpable confrontations with the assistant prosecutor for the State of Ohio" during which his defense counsel "failed to object to improper questioning of witnesses, improper questioning tactics, and improper closing arguments." Mr. Warrington further

maintains that trial counsel was deficient for failing to file a motion to exclude certain evidence, such as portions of a police report.

{¶6} With respect to Mr. Warrington's allegation that his counsel was deficient by engaging in confrontations with the State, during which he generally maintains that his counsel failed to properly lodge objections, Mr. Warrington does not direct this Court to any portion of the record where such confrontations occurred. *See* App.R. 16(A)(7). Nor does he develop any argument as to the objections he contends defense counsel should have made. *See* App.R. 16(A)(7). Instead, he provides an "[i]llustrative" point of the State's purportedly objectionable questioning of Mr. Warrington by quoting the trial court as stating "Whoa, Whoa, Whoa" during the State's cross-examination of Mr. Warrington. He then generally argues, with no further specificity, that the State (1) repeatedly made statements during cross-examination that were akin to testimony, (2) failed to permit witnesses to complete their answers, (3) failed to stop questioning when objections were made, (4) engaged in argumentative comments during questioning, (5) denigrated defense counsel, (6) inquired of meetings with counsel with an insinuation that wrongdoing occurred during such meetings, and (6) questioned whether defense counsel had coached the witnesses.

{¶7} However, Mr. Warrington provides no citation to any portion of the record where the questions he generally challenges occurred, no citation to any authority in support of Mr. Warrington's position that these questions and comments were properly objectionable, and no further development of his argument that the failure to object to these questions/comments amounted to deficient performance. "If an argument exists that can support this [portion of this] assignment of error, it is not this [C]ourt's duty to root it out." *State v. Colburne*, 9th Dist.

Summit No. 27553, 2015-Ohio-4348, ¶ 16, quoting *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶8} Further, Mr. Warrington makes no argument as to whether there is a reasonable probability that the outcome of the trial would have been different but for counsel's purported errors, and we decline to construct a prejudice argument on Mr. Warrington's behalf. *Strickland* at 694; App.R. 16(A)(7).

{¶9} With respect to Mr. Warrington's argument that counsel should have moved to exclude certain evidence, again, he fails to support this portion of his assignment of error with citations to the record. *See* App.R. 16(A)(7).[1] Further, he provides no citations to authority in support of this portion of his assignment of error, except for authority pertaining to hearsay testimony. He maintains that counsel failed to move to exclude hearsay testimony from a police report, but he does not identify the report or what portions constituted hearsay. From our review of the record, the only item to which we could infer that Mr. Warrington is referring, is a "voluntary witness statement" from Mr. Warrington's wife. During the cross-examination of Mrs. Warrington, she testified as to what she had included in her written "voluntary witness statement[.]" However, although this written statement was included in the record, it was not admitted as evidence and not submitted to the jury. Mr. Warrington's sole argument that he was prejudiced by this "report" was based upon his contention that the trier of fact was able to read

---

[1] Further, we note that defense counsel did file two motions to suppress/ in limine; although the rulings on these motions are not clear from the record. In these motions, defense counsel moved to exclude evidence of Mr. Warrington's prior convictions for violations of R.C. 4511.19 and to exclude several portions of the booking video. Although portions of the video were played at trial, and the video was included for preservation in the record, the video itself was not admitted as an exhibit for the jury's consideration.

the officer's interpretation of Mrs. Warrington's account of the events. However, inasmuch as the document was not submitted to the jury, his argument lacks merit.

{¶10} For the reasons set forth above, Mr. Warrington's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

[MR.] WARRINGTON'S TRIAL WAS UNFAIR AND UNJUST DUE TO THE OVERLY AGGRESSIVE QUESTIONING OF THE STATE OF OHIO, UNFAIR COMMENTARY AND ARGUING DURING QUESTIONING, AND UNFAIR AND PREJUDICIAL COMMENTS DURING CLOSING ARGUMENTS, SUCH THAT EVEN WITHOUT OBJECTION FROM TRIAL COUNSEL, PLAIN ERROR REQUIRES REVERSAL.

{¶11} In his second assignment of error, Mr. Warrington argues that he received an unfair trial because the State engaged in prosecutorial misconduct by making improper statements during closing argument, which amounted to plain error. Mr. Warrington further maintains in his statement of the second assignment of error that he received an unfair trial due to improper questioning by the State. However, his argument in support of this assignment of error nowhere references questioning by the State. Accordingly, we will confine our discussion to the prosecutor's closing argument.

{¶12} "[T]he test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant." *State v. Frazier*, 73 Ohio St.3d 323, 341 (1995), quoting *State v. Smith*, 14 Ohio St.3d 13, 14 (1984). "Parties are granted latitude in closing arguments, and the question as to the propriety of these arguments is generally considered one falling within the sound discretion of the trial court." *Frazier* at 341, quoting *State v. Loza*, 71 Ohio St.3d 61, 78 (1994).

{¶13} However, when a defendant fails to object to alleged prosecutorial misconduct, the defendant forfeits all argument except that of plain error. *See State v. Reed*, 9th Dist. Wayne

No. 12CA0051, 2013-Ohio-3970, ¶ 57, quoting *State v. Chapman*, 9th Dist. Lorain No. 07CA009161, 2008-Ohio-1452, ¶ 23. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "[T]he accused bears the burden of proof to demonstrate plain error on the record * * * and must show an error, i.e., a deviation from a legal rule that constitutes an obvious defect in the trial proceedings[.]" *State v. Jackson*, 9th Dist. Summit No. 27479, 2015-Ohio-5096, ¶ 51, quoting *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22. "However, even if the error is obvious, it must have affected substantial rights, and [w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *Jackson* at ¶ 51, quoting *Rogers* at ¶ 22. "The accused is therefore required to demonstrate a reasonable probability that the error resulted in prejudice * * *." *Jackson* at ¶ 51, quoting *Rogers* at ¶ 22.

{¶14} Mr. Warrington again fails to cite to any portion of the record where the improper statements were made in closing argument. Instead, he generally maintains that the prosecutor's closing argument improperly challenged the credibility of defense counsel and counsel's theories of the case. Further, he maintains that the prosecutor referenced evidence not in the record regarding telephone systems. Lastly, Mr. Warrington challenges the State's reference to him during closing arguments as "a drunk[.]"

{¶15} As there are no citations to the record, we are not inclined to speculate as to which of the prosecutor's statements Mr. Warrington challenges as improperly referencing defense counsel's credibility and motivation, nor are we inclined to construct an argument on his behalf as to whether any such comments rose to the level of prosecutorial misconduct and plain error. *See* App.R. 16(A)(7).

**{¶16}** With respect to the prosecutor's remarks in closing argument regarding telephone systems, our review of the record indicates that there was some testimony adduced by the defense at trial pertaining to the Warringtons' telephone's sound quality and connectivity issues. This testimony was elicited in the context of the victim's 9-1-1 telephone call, which was disconnected, and a return call made from the 9-1-1 dispatcher. Although Mr. Warrington generally maintains that the prosecutor's remarks during closing exceeded the testimony on this issue, he does not further develop this argument or indicate how these closing remarks would have risen to the level of plain error. *See Jackson* at ¶ 51, quoting *Rogers* at ¶ 22 (accused bears the burden of demonstrating an obvious error and demonstrating that there is a reasonable probability that the error affected the outcome of the trial). We decline to construct an argument on his behalf.

**{¶17}** To the extent that Mr. Warrington challenges the State's reference to him as "a drunk[,]" although he again fails to provide a citation to the record where such a statement may be found, we note instances during closing argument where the State referenced Mr. Warrington as having been "drunk" during the incident, but we see no reference to him as "*a* drunk." Accordingly, this portion of Mr. Warrington's assignment of error lacks merit.

**{¶18}** For the reasons referenced above, Mr. Warrington's second assignment of error is overruled.

### III.

**{¶19}** Mr. Warrington's assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____\
CARLA MOORE
FOR THE COURT


WHITMORE, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.