[Cite as *State v. Parker*, 2016-Ohio-5663.]

STATE OF OHIO        )                  IN THE COURT OF APPEALS
                            )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

STATE OF OHIO                      C.A. No.      15CA010750

      Appellee

      v.                              APPEAL FROM JUDGMENT
                                  ENTERED IN THE
AARON PARKER                  COURT OF COMMON PLEAS
                                  COUNTY OF LORAIN, OHIO
      Appellant                 CASE No. 14CR090747

DECISION AND JOURNAL ENTRY

Dated: September 6, 2016

CANNON, Judge.

{¶1}   Appellant, Aaron Parker, appeals the judgment of the Lorain County Court of Common Pleas finding him guilty of various offenses. At issue is whether the verdict was supported by both sufficient evidence and the manifest weight of the evidence. Also at issue is whether appellant's trial counsel was ineffective. For the reasons that follow, the judgment is affirmed.

I.

{¶2}   Appellant was indicted on the following charges: felonious assault (Count One), in violation of R.C. 2903.11(A)(1), a felony of the first degree; having weapons while under disability (Count Two), in violation of R.C. 2923.13(A)(2), a felony of the third degree; assault (Count Three), in violation of R.C. 2903.13(A), a felony of the fourth degree; carrying a concealed weapon (Count Four), in violation of R.C.

2923.12(A)(2), a felony of the fourth degree; improperly handling firearms in a motor vehicle (Count Five), in violation of R.C. 2923.16(B)(4), a felony of the fourth degree; and obstructing official business (Count Six), in violation of R.C. 2921.31(A), a felony of the fifth degree.

{¶3}  A jury trial was held on Counts One, Three, Four, Five, and Six.  A bench trial was held on Count Two.  The jury found appellant guilty on Counts One, Three, Four, Five, and Six.  Appellant was also found guilty with respect to Count Two.  For purposes of sentencing, Count Three, assault, was merged with Count One, felonious assault.  The instant appeal focuses on the finding of guilty with respect to Counts One and Three.

{¶4}  During trial, the testimony revealed appellant's charges stemmed from an incident that occurred on November 18, 2014.  On this day, two officers, Officers Cambarare and Manicsic of the Lorain Police Department, were searching for a suspect named Milles Diaz.  The officers went to the home of Mr. Diaz's mother, a quadplex housing unit, but she refused to cooperate.  Believing Mr. Diaz was in the area, they conducted surveillance on the residence.  While conducting surveillance, a man who looked like Mr. Diaz, exited the quadplex and entered a red Dodge Neon.  The vehicle pulled away, with the officers following.  Because the vehicle was speeding, the officers initiated a traffic stop.

{¶5}  Appellant was sitting in the rear of the vehicle.  After running a background check, the officers learned he had an out-of-state arrest warrant for a weapons offense.  Appellant exited the vehicle and was patted down.

{¶6} Officer Cambarare testified that he felt what he believed to be a handgun between appellant's legs. As Officer Cambarare attempted to place appellant in handcuffs, he fled.

{¶7} Appellant retreated behind a garage. As appellant emerged from behind the garage, the officers deployed their tasers, causing appellant to fall on a small, decorative fence. The fence cut the taser wires, and appellant reached down toward his waistband. The officers jumped on appellant and attempted to handcuff him, but a fight ensued. The testimony reveals that appellant clenched his fist over his head, in a hammer-type motion, and struck Officer Manicsic's right hand. Officer Manicsic's right hand immediately went numb; it was ultimately determined his right hand was broken, and two pins were required to set the fractured bone.

{¶8} Once the officers were able to detain appellant, it was confirmed that appellant had a loaded gun on his person.

{¶9} The jury found appellant guilty of all counts; the trial court found appellant guilty of having weapons under disability. Appellant was sentenced to an aggregate prison sentence of seven years in the Lorain Correctional Institution.

{¶10} Appellant alleges two assignments of error.

## II.

### First Assignment of Error

**Trial Counsel was ineffective for failing to subpoena witnesses or introduce evidence regarding pictures of Aaron Parker taken on November 18, 2014.**

{¶11} In evaluating ineffective assistance of counsel claims, Ohio appellate courts apply the two-part test enunciated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, it must be determined that counsel's performance fell below an objective standard of reasonableness. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Second, it must be shown that prejudice resulted. *Id.*

{¶12} To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id. at* paragraph three of the syllabus. Further, an appellate court need not analyze both prongs of the *Strickland* test if it finds that appellant failed to prove either. *State v. Ray,* 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

{¶13} Appellant argues his trial counsel was ineffective for failing to subpoena witnesses to testify regarding photographs of him taken after the incident. Appellant claims that if the trier of fact viewed these photographs, the outcome of the trial would have been different. To support this contention, appellant points to a question asked by the jury during deliberation: "If we are unsure that the injury was a direct result of the strike, as described in the testimony, but still as a result of the scuffle, does that indicate felonious assault?"

{¶14} The photographs were not made part of the record for our review. Normally, for the defendant to be able to pursue an ineffective assistance claim such as this, it would be necessary for him to file a post-conviction relief proceeding and

establish a record with the photographs and other testimony, such as the testimony of defense counsel.

{¶15} Appellant's first assignment of error is without merit.

III.

**Second Assignment of Error**

**The verdicts in count one and three were not supported by sufficient evidence and were against the manifest weight of the evidence.**

{¶16} To determine whether a verdict is against the manifest weight of the evidence, a reviewing court must consider the weight of the evidence, including the credibility of the witnesses and all reasonable inferences, to determine whether the trier of fact "'lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). In weighing the evidence submitted at a criminal trial, an appellate court must defer to the factual findings of the trier of fact regarding the weight to be given the evidence and credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Further, a conviction resulting from a trial by jury shall not be reversed on the weight of the evidence except by the concurrence of all three judges hearing the appeal. *Thompkins*, *supra*, at 386.

{¶17} "''[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" *Id.*, quoting *Black's*

*Law Dictionary*, 1433 (6th Ed.1990). "In essence, sufficiency is a test of adequacy." *Id*. When reviewing a conviction for sufficiency, evidence must be viewed in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. The pertinent question is whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶18} Appellant was found guilty of felonious assault, in violation of R.C. 2903.11(A)(1), which states: "No person shall *knowingly* * * * [c]ause serious physical harm to another * * *[.]" (Emphasis added.) Appellant was also found guilty of assault, which merged with felonious assault, in violation of R.C. 2903.13(A), which states: "No person shall *knowingly* cause or attempt to cause physical harm to another * * *." (Emphasis added.)

{¶19} Appellant argues he could not have acted "knowingly." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). Appellant maintains the state failed to present evidence that he intended to cause injury to Officer Manicsic's hand. He contends that both officers deployed their tasers, which caused him to make involuntary movements. These involuntary movements, appellant argues, could have caused the officer's injury. Conversely, the state argues the officer's injury was a reasonable and foreseeable consequence of appellant's actions of fleeing and fighting with the officers.

{¶20} "[A] person is presumed to intend the natural, reasonable and probable consequences of his voluntary acts." *State v. Johnson*, 56 Ohio St.2d 35, 39 (1978). Furthermore, "[i]t is not necessary that the accused be in a position to foresee the precise consequence of his conduct; only that the consequence be foreseeable in the sense that what actually transpired was natural and logical in that it was within the scope of the risk created by his conduct." *State v. Losey*, 23 Ohio App.3d 93, 96 (10th Dist.1985). Intent can be determined from the surrounding facts and circumstances. *State v. Robinson*, 161 Ohio St. 213 (1954), paragraph five of the syllabus.

{¶21} Here, appellant fled the scene on foot. Both officers deployed their taser, causing appellant to fall on a decorative fence. The fence cut the wires to the taser causing the probes to lose contact with appellant. Appellant reached to his waistband where Officer Cambarare believed a gun was located. Both officers jumped on appellant. Appellant began to fight with the officers. The testimony reveals that appellant tried to break contact with the officers. Officer Cambarare testified that appellant made a hammer fist and struck Officer Manicsic's right hand. Officer Manicsic also testified that appellant brought "his hand up like this and brings it down on top of my hand (indicating.)"

{¶22} Appellant attempts to discredit the testimony of the officers by noting that Officer Manicsic "stated that his bodyweight was also on his ultimately injured hand during this event" and that Officer Cambarare testified, "a person could injure an officer without knowingly doing so." However, the officers' testimony reveals that it was, in fact, appellant that struck Officer Manicsic's hand. Officer Manicsic testified that after

appellant struck his hand, he collapsed on top of him, and "as soon as he hit the top of my hand, I lost all feelings."

{¶23} This Court recognizes that "the trier of fact is in the best position to determine the credibility of witnesses and evaluate their testimony accordingly." *State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15. The trier of fact is free to believe "all, part, or none of the testimony of each witness." *State v. Tabassum*, 9th Dist. Summit No. 25568, 2011-Ohio-6790, ¶ 27, quoting *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 35.

{¶24} Appellant may not have foreseen the precise injury caused to the officer. Appellant, however, engaged in an altercation with the officers. Also, the testimony reveals that appellant struck the officer's hand with a hammer fist. The "natural, foreseeable and probable consequence" of that voluntary act is to cause injury. The officer's hand became numb after appellant's strike. This is more than sufficient to prove the mental state required to convict appellant of felonious assault. Additionally, upon our review of all of the evidence adduced at trial, it is our view the jury did not lose its way and did not create a manifest miscarriage of justice justifying reversal of appellant's conviction.

{¶25} Appellant's second assignment of error is without merit.

III.

{¶26} Having overruled appellant's assignments of error, we affirm the judgment of the Lorain County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

TIMOTHY P. CANNON
FOR THE COURT

CARR, P.J.
MOORE, J.
CONCUR

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)

APPEARANCES:

NICHOLAS J. HANEK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY SLANCZKA, Assistant Prosecuting Attorney, for Appellee.