[Cite as *State v. Bramos*, 2020-Ohio-1169.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

RICKY J. BRAMOS

    Appellant

C.A. No.     19CA0061-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    19CR0135

DECISION AND JOURNAL ENTRY

Dated: March 30, 2020

SCHAFER, Judge.

{¶1} Ricky Bramos appeals his conviction in the Medina County Court of Common Pleas for aggravated drug possession. This Court affirms.

I.

{¶2} Mr. Bramos's girlfriend called the police after her purse went missing from a Walmart parking lot. Officer Vivian Feke responded and met the girlfriend in the vestibule of the store. As the girlfriend began telling Officer Feke about the purse, Mr. Bramos joined them. A little while later, they all walked out to the truck that Mr. Bramos and his girlfriend had driven to the parking lot.

{¶3} According to Officer Feke, because the truck was so large, she asked Mr. Bramos and the girlfriend if she could check inside of it to make sure the purse had not just been misplaced. They consented, so she began looking inside the truck. Because she was alone, Officer Feke did

only a cursory inspection until backup arrived. Sergeant Michael Patterson arrived a little while later to assist Officer Feke.

{¶4} When Sergeant Patterson arrived, Officer Feke continued looking through the truck. According to the officer, she was on the passenger side of the truck with Mr. Bramos's girlfriend, who was sitting in the front passenger seat. The girlfriend continued chatting with Officer Feke and mentioned during their conversation that she had a pending drug possession case in Summit County. At that point, Officer Feke asked the girlfriend if she had anything on her that she should know about and requested permission to search her. The girlfriend consented and stepped out of the truck. During her search of the girlfriend, Officer Feke found a small glass jar that appeared to contain methamphetamine. After Officer Feke gave the girlfriend her *Miranda* rights, the girlfriend confirmed that the substance was methamphetamine.

{¶5} According to Sergeant Patterson, he was observing what was going on with Mr. Bramos's girlfriend and asked if he could search Mr. Bramos. Mr. Bramos said he did not mind and started to raise his arms as if he was trying to make it easier for the sergeant to search him. During the search, Sergeant Patterson found a syringe that appeared to be used and did not appear to be associated with a medical purpose. He, therefore, decided to arrest Mr. Bramos for possession of drug paraphernalia. Because Mr. Bramos had indicated that he was from West Virginia and intended to return there later that day, Sergeant Patterson determined that he would have to take Mr. Bramos to jail so that Mr. Bramos would not leave the state.

{¶6} After Mr. Bramos and his girlfriend were placed in the back of different police cruisers, law enforcement officers performed a more thorough search of the truck. During the search, they found several pieces of drug paraphernalia and a large crystal of methamphetamine.

The truck was later towed from the parking lot because it was a rental vehicle and Walmart had complained about vehicles being left in its parking lot.

{¶7}   The Grand Jury indicted Mr. Bramos for one count of aggravated possession of drugs.  Mr. Bramos moved to suppress the evidence recovered during the searches of his person and the truck, arguing that the searches violated his Fourth Amendment rights.  Mr. Bramos argued that he did not give consent to be searched, that there was no probable cause to search or arrest him, that the doctrine of search incident to arrest did not apply to the search of the truck, and that the search of the truck was also not a valid inventory search.  Following a hearing, the trial court denied Mr. Bramos's motion.  Mr. Bramos subsequently pleaded no contest to the offense. The trial court found Mr. Bramos guilty and sentenced him to two years imprisonment.

II.

ASSIGNMENT OF ERROR I

**The trial court erred in denying appellant's Ricky Bramos' motion to suppress thereby allowing introduction of evidence concerning the search and seizure in the case at bar.**

{¶8}   Mr. Bramos's first assignment of error is that the trial court incorrectly denied his motion to suppress.  A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  When the trial court considers a motion to suppress, it assumes the role of trier of fact and, therefore, it is in the "best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992).  Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*  This Court must "then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶9}     Initially, Mr. Bramos argues that the trial court did not apply the proper standard to determine whether an arresting officer had probable cause to search the vehicle.  He proceeds to identify the law regarding this Court's standard of review, the unreasonableness of warrantless searches, the exceptions for warrantless searches, consent, self-incrimination, custody, the waiver of constitutional rights, voluntariness, and coercion.  He then recounts some of the testimony that occurred at the suppression hearing and concludes: "[w]herefore, [Mr. Bramos] asserts that the Trial Court erred in denying [his] Motion to Suppress thereby allowing the introduction of evidence concerning the search and seizure."

{¶10}   The trial court determined that the searches of Mr. Bramos and his girlfriend were permitted because Mr. Bramos and his girlfriend consented to them.  It determined that the search of the truck after the methamphetamine and drug paraphernalia were discovered on Mr. Bramos and his girlfriend was permitted because the law enforcement officers had probable cause that evidence related to the offenses might be found in the truck.  The court also concluded that, even if the search of the truck was not permitted, the evidence in the truck would have inevitably been discovered when the truck was inventoried before it was towed.

{¶11}   Although Mr. Bramos has cited caselaw related to consent, he has not developed an argument that Officer Feke and Sergeant Patterson did not have consent to search him, his girlfriend, or the truck.  This Court will not create or develop an argument on Mr. Bramos's behalf. *State v. Jackson*, 9th Dist. Summit No. 28691, 2018-Ohio-1285, ¶ 47.  Mr. Bramos also has not developed an argument that Officer Feke and Sergeant Patterson did not have probable cause to search the truck or that the evidence found in the truck would not have been inevitably discovered. *See* App.R. 16(A)(7).

{¶12} Mr. Bramos does argue that "an independent analysis of Defendant's initial statements supports a conclusion that the subsequent waiver and admissions were tainted and thus inadmissible." He does not develop his argument any further, however, and it is not clear from the record how it applies to this case. Mr. Bramos's argument follows his recitation of case law regarding the validity of a waiver of *Miranda* rights. In his motion to suppress, Mr. Bramos did not allege that he made any incriminating statements to law enforcement after he was provided *Miranda* warnings.

{¶13} Upon review of the record, we conclude that Mr. Bramos has not established that the trial court incorrectly denied his motion to suppress. Mr. Bramos's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**Appellant, Ricky Bramos, was denied his right to due process and of assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution because his trial counsel provided ineffective assistance.**

{¶14} Mr. Bramos's second assignment of error is that his trial counsel was ineffective. To establish ineffective assistance of counsel, Mr. Bramos must satisfy a two-prong test demonstrating (1) that counsel's performance was deficient, in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that his defense was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, a defendant must show that the representation fell below an objective standard of reasonableness. *Id.* at 687-688. To show prejudice, a "defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. However, "a court must indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689. Further, this Court "need not address both prongs of the *Strickland* test should it find that [Mr. Bramos] failed to prove either." *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

{¶15} Mr. Bramos argues that his trial counsel denied him his right to due process. He notes that he filed a pro se motion to remove his counsel, but the trial court advised him that his case would have to start over if it granted the motion. Mr. Bramos argues that, although he decided to retain his counsel, his counsel felt the need to defend himself and alleged that some of the things that Mr. Bramos had said to the court were inaccurate. According to Mr. Bramos, his counsel did not act in his best interest but was more concerned about counsel's own interests.

{¶16} If a defendant pleads no contest to an offense, in order to demonstrate prejudice of his counsel's representation, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded no contest and would have insisted on going to trial. *State v. Shepard*, 9th Dist. Summit No. 13168, 1988 WL 26176, *2 (Mar. 2, 1988), citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *State v. McCraw*, 9th Dist. Lorain No. 95CA006227, 1996 WL 365006, *2 (July 3, 1996); *State v. Evans*, 9th Dist. Medina No. 09CA0049-M, 2010 Ohio 3545, ¶ 4. Mr. Bramos does not allege that his counsel's statements to the trial court during the suppression hearing had any bearing on his decision to plead no contest more than two weeks later. We, therefore, conclude that Mr. Bramos has failed to establish that he received ineffective assistance of trial counsel. Mr. Bramos's second assignment of error is overruled.

III.

{¶17} Mr. Bramos's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JOCELYN STEFANCIN and KIMBERLY STOUT-SHERRER, Attorneys at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.